IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50742
Summary Calendar

_____

LUCRECIA PILAR DURBIN and
DAVID LEON DURBIN,

Plaintiffs-Appellants,

versus

JANET RENO et al.,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-98-CV-35
- - - - - - - - - -

July 1, 1999

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Lucrecia and David Durbin appeal the district court's dismissal of their complaint arising out of deportation proceedings brought against Lucrecia Durbin. On March 5, 1997, an immigration judge ordered Lucrecia Durbin deported. Subsequently, the Durbins requested a writ of mandamus ordering the appellees to issue a certificate of citizenship to Lucrecia Durbin. The Durbins contend that Lucrecia, who is a native of Guatemala, is a United States citizen by virtue of her marriage

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to David. The Durbins also seek money damages for alleged constitutional violations committed by the appellees during Lucrecia's application for citizenship and during deportation proceedings. They claimed that appellees discriminated against the class of women who derived United States citizenship from the citizenship of their husbands, and discriminated against the class of men whose wives derived United States citizenship from the citizenship of their husbands. David Durbin also alleged that he was unlawfully arrested by border patrol officials Larry Nichols, J.M. Kohlman, and Mike Wilson, giving rise to a claim under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

Pursuant to 8 U.S.C. § 1252(g), "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act." The Durbins' request for mandamus arises from the Attorney General's initiation of deportation proceedings against Lucrecia Durbin. The district court properly concluded that it did not have subject-matter jurisdiction to hear the Durbins' request for mandamus. *See Reno v. American-Arab Anti-Discrimination Comm.*, 119 S. Ct. 936 (1999); *see also Humphries v. Various Federal USINS Employees*, 164 F.3d 936, 942 (5th Cir. 1999).

The Durbins claim for money damages based on discrimination also arose from the Attorney General's initiation of deportation proceedings. The district court properly concluded that it did

not have subject-matter jurisdiction on that issue. *Id.*
Accordingly, On these issues, the district court's decision is
AFFIRMED.

David Durbin's claim of unlawful arrest, however, is not
jurisdictionally barred under § 1252(g). *See Humphries*, 164 F.3d
at 941 (holding that appellant's claims of involuntary servitude
and mistreatment while in detention were not barred by § 1252(g).
Accordingly, the district court's decision is VACATED and the
case REMANDED for consideration of the merits of David Durbin's
claim of unlawful arrest.

AFFIRMED in part, VACATED and REMANDED in part.